UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Javece Wilson,

          Petitioner,

v.

Bureau of Prisons et al.,

          Respondents.

Case No. 0:21-cv-849 (WMW/KMM)

**ORDER**

---

This matter is before the Court on Javece Wilson's Motion to Amend his Petition for Writ of Habeas corpus, as well as a letter request to further amend.[1] [ECF Nos. 7–8]. Mr. Wilson seeks to add a number of factual allegations and arguments to his Petition. For the following reasons, the Court grants Mr. Wilson's motion and letter request.

In his motion, Mr. Wilson requests leave to supplement his petition with five pages of additional factual allegations and arguments, as well as caselaw and authority for those arguments. Under the statute governing habeas petitions, amendments to such petitions are allowed "as provided in the applicable rules of civil procedure." *Clemmons v. Delo*, 117 F.3d 680, 686 (8th Cir. 1999) (citing 28 U.S.C. § 2422). Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of

---

[1] In his Reply memorandum addressing the merits of his Petition, Mr. Wilson also appears to request appointed counsel. [ECF No. 16]. To the extent that this could be construed as a separate motion to appoint counsel, Mr. Wilson's request is hereby denied.

1

course within . . . 21 days after serving it." Mr. Wilson's Motion to Amend was filed on April 16, 2021—21 days after filing his original petition. Therefore, he may amend his petition as a matter of course—that is, without seeking leave from the opposing parties or the Court. *Schlegel v. Rios*, 19-cv-338 (SRN/ECW), 2019 WL 3417053, at *1 (D. Minn. June 18, 2019).

On April 28, 2021, Mr. Wilson filed a letter in which he also seeks to add to his petition that he suffered from tuberculosis during the relevant period, as well as a case citation for the proposition that "a person afflicted with tuberculosis is a handicapped individual within the meaning of 504." [ECF No. 8]. Because it was filed after the 21-day period, the Court construes this letter as a request for leave to further amend the Petition. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed . . . ." (quotation omitted)).

"A denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation omitted). Leave to amend to add new claims may be denied where those claims have nothing to do with the original complaint or would be inefficient and possibly confusing. *See Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992). While the thrust of Mr. Wilson's petition is often difficult to discern, he does appear to allege, among other things, unequal treatment on the basis of disability. Therefore, the Court finds that the proposed short

amendment is sufficiently relevant and would not cause undue delay or prejudice to the Respondents. Accordingly, Mr. Wilson's request to amend [ECF No. 8] is **GRANTED**.

Further, while Local Rule 15.1 requires that, absent a contrary ruling from the Court, an amended pleading "be complete in itself and must not incorporate by reference any prior pleading," the Court will not require Mr. Wilson to file a new petition. With his motion and letter, Mr. Wilson does not seek to remove or change any part of his original petition—only to add to it. Mr. Wilson is incarcerated and filing pro se, and the Court is cognizant of the difficulties that would accompany combining several handwritten documents into a single pleading under those circumstances. Accordingly, the Court will consider the original petition and the contents of the Motion to Amend and letter in the Report and Recommendation accompanying this Order.

**IT IS SO ORDERED.**

Date: November 17, 2021

s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge